IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HAROLD DAVID CRUISE,                    :
                                        :
        Plaintiff,                      :
                                        :
vs.                                     :    CIVIL ACTION 18-0524-JB-M
                                        :
STATE OF ALABAMA, et al.,               :
                                        :
        Defendants.                     :

REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se* and in *forma pauperis*, filed a Complaint under 42 U.S.C. § 1983 and a Motion for Leave to Proceed in forma pauperis (Doc. 4, Attachments 1 and 2) in the Northern District of Alabama. This action was transferred to the Southern District of Alabama on December 24, 2018 (Doc. 4) and has been referred to the undersigned pursuant for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen.LR 72(a)(2)(R). Plaintiff has failed to comply with this Court's Order and has failed to prosecute this action.

Upon screening of this action pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court found that the relief and claims sought by Plaintiff in his complaint are not clearly pled. In order for Plaintiff to proceed on his claims, Plaintiff was ordered to replead his claims, whether they were brought as a § 1983 action or a habeas corpus action, not later than June 3, 2019 (Doc.

10).  Plaintiff was warned that his failure to comply with the
Court's Order or to notify the Court of a change in address
would result in the dismissal of this action for failure to
prosecute and to obey the Court's Order (Doc. 10).  The Order
and forms were mailed to Plaintiff at Bibb County Correctional
Facility, 565 Bibb Lane, Brent, Alabama 35034, his last known
address.  To date, Plaintiff has not responded to the Court's
Order, nor has the Order and forms been returned as
undeliverable.  Thus, the Court finds that Plaintiff has
abandoned prosecution of this action.

Due to Plaintiff's failure to comply with the Court's Order
and to prosecute this action, and upon consideration of the
alternatives that are available to the Court, it is recommended
that this action be dismissed without prejudice pursuant to Rule
41(b) of the Federal Rules of Civil Procedure for failure to
prosecute and to obey the Court's Order, as no other lesser
sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630,
82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734, 738 (1962) (interpreting
Rule 41(b) not to restrict the court's inherent authority to
dismiss sua sponte an action for lack of prosecution); see also
World Thrust Films, Inc. v. International Family Entm't, Inc.,
41 F.3d 1454, 1456-57 (11th Cir. 1995) (requesting the court to
consider lesser sanctions); Mingo v. Sugar Cane Growers Co-op,
864 F.2d 101, 102 (11th Cir. 1989)(Same); Goforth v. Owens, 766

2

F.2d 1533, 1535 (11th Cir. 1985)(Same); <u>Jones v. Graham</u>, 709 F.2d 1457, 1458 (11th Cir. 1983)(Same); <u>Blunt v. U.S. Tobacco Co., 856 F.2d 192 (6th Cir.1988) (Unpublished)</u>; <u>Accord Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 45-46 (1991)(ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); <u>Malautea v. Suzuki Motor Co.</u>, 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the courts' inherent power to manage actions before it permitted the imposition of fines), <u>cert. denied</u>, 510 U.S. 683 (1993).

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the

consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 17th day of June, 2019.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

4